## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Marc Amouri Bakambia,                                        No. 0:20-cv-01433-PAM-KMM

                          Plaintiff,

v.                                                                         **ORDER**

Paul Schnell, *et al.*,

                          Defendants.

     This matter is before the Court on Marc Amouri Bakambia's motion to appoint counsel. ECF 60. For the reasons set forth below, the motion to appoint counsel is denied without prejudice.

     Mr. Bakambia claims that he was assaulted by other inmates at the Rush City Minnesota Correctional Facility due to Minnesota Department of Corrections ("DOC") officials' failure to protect him from harm in violation of his Eighth Amendment rights. He also asserts that DOC officials deprived him of equal protection under the Fourteenth Amendment. Mr. Bakambia has been litigating this case *pro se* since he filed it on June 22, 2020. Because he is indigent, the Court has granted him permission to proceed *in forma pauperis* ("IFP").

     In support of his motion to appoint counsel, Mr. Bakambia explains that he cannot afford to pay a lawyer. ECF 60 at 1; Pl.'s Decl. ¶ 9, ECF 62. Before filing his case and since, Mr. Bakambia has made numerous attempts to obtain the assistance of counsel but has been unsuccessful. Pl.'s Decl. ¶¶ 2, 4–5, 7–11 & Exs. B, D–E, G. Mr. Bakambia also asserts that he will have difficulty litigating his case due to his imprisonment. ECF 60 at 1. Indeed, he has submitted evidence supporting his assertion that it has become increasingly difficult, due to the complications created by the ongoing COVID-19 pandemic, to obtain adequate time in the law library at MCF Stillwater. Pl.'s Decl., Ex. A. Mr. Bakambia believes that a lawyer's assistance would be helpful in this case because the issues are complex; on his own he will have difficulty conducting the necessary investigation and discovery; and a trial will involve

conflicting testimony and a lawyer will be able to conduct a skilled cross-examination. ECF 60 at 1.

There is no constitutional or statutory right to appointed counsel in a civil case like this one. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Under the IFP statute, a court may request an attorney to represent a person who cannot afford counsel. *Id.* (quoting 28 U.S.C. § 1915(e)(1)). In deciding whether to do so, courts consider "the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Id.*

Although the Court is sympathetic to Mr. Bakambia's circumstances, the Court finds that the relevant factors weigh against appointment of counsel. First, the legal issues in this case are not so complex as to warrant the appointment of counsel. Mr. Bakambia's complaint sets forth a failure to protect claim under a familiar Eighth Amendment framework, and an equally familiar equal protection claim under the Fourteenth Amendment. Although there may be factual disputes with respect to DOC officials' treatment towards and protection of Mr. Bakambia, the legal landscape for evaluating those claims is not overly complex.

Second, at this stage, the Court is not faced with a situation where conflicting testimony should be met by the skilled questioning of counsel. This case is not yet set for trial where a jury would benefit from an attorney's training in conducting cross-examination of witnesses who have testified in conflicting ways. The Court notes that the analysis of this factor may change if this case is ultimately set for a jury trial.

Third, Mr. Bakambia has made a well-supported argument about the challenges he will face in investigating the facts in this case and in adequately presenting his claims. Indeed, inmates all around the State of Minnesota, and presumably in other jurisdictions as well, are faced with greater difficulties as a result of the measures prisons must take to prevent the spread of the virus causing COVID-19 in their facilities. These measures mean more frequent facility-wide lockdowns and, when prisons are not locked down, greater limitations on already strained law library resources. These restrictions only exacerbate an already difficult landscape for prisoners attempting to prosecute their own claims in federal court.

In full acknowledgment of these realities, the Court nevertheless concludes that appointment of counsel is not warranted at this time. The delays created by lockdowns and other impediments at MCF Stillwater can adequately be addressed by adjustment of deadlines as necessary. The Court will accommodate reasonable requests for extensions based on difficulties Mr. Bakambia faces because of conditions inside the prison. At this time, Mr. Bakambia has not been entirely prevented from conducting legal research and otherwise using the prison's law library. Indeed, his exhibits show that on several occasions between November 2020 and early February 2021 he requested time in the law library, and those requests were honored by DOC officials. *See* Pl.'s Decl., Ex. A. Moreover, based on Mr. Bakambia's submissions to date, he has demonstrated a threshold ability to articulate his claims, argue his positions, and to communicate effectively with the Court. He is able to fairly present his claims.

Finally, the Court notes that in conjunction with this decision, a scheduling order is being entered, and a period for discovery will commence. Mr. Bakambia's concerns about investigating his claims can be addressed because he has the ability to serve discovery requests and obtain information relevant to his claims.

For these reasons, Mr. Bakambia's motion for appointment of counsel is denied, but the denial is without prejudice. Mr. Bakambia is not foreclosed from bringing another motion seeking to have the Court appoint counsel if it becomes apparent he is unable to conduct discovery or to effectively use the information he gathers to present his claims.

Date: March 3, 2021

 *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge