UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marc Amouri Bakambia,    No. 0:20-cv-01433 (PAM/KMM)

    Plaintiff,

v.    **ORDER**

Paul Schnell, *et al.*,

    Defendants.

This matter is before the Court following Plaintiff Marc Bakambia's filing of a proposed Amended Complaint [ECF No. 45]. Mr. Bakambia seeks leave to amend his Complaint to allege additional facts, add defendants, and add a claim for inadequate medical care in violation of his constitutional rights. [ECF No. 45, 55]. For the reasons that follow, the Court grants in part and denies in part Mr. Bakambia's motion to amend.

## BACKGROUND

On January 11, 20021, Mr. Bakambia filed an Amended Complaint and attached a redlined version of the original. [ECF No. 45]. Because the time period during which Mr. Bakambia was entitled to amend his Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1) had lapsed, the Court treated his filing as a motion for leave to amend his complaint and ordered briefing from the parties. [Order, ECF No. 48]. Defendants filed their memorandum in partial opposition to the proposed amendment on January 28, 2021, and Mr. Bakambia filed his memorandum in support on February 22, 2021. [ECF Nos. 50, 55].

In his original Complaint, Mr. Bakambia named the current six MCF-Rush City Defendants: DOC Commissioner Paul Schnell, Vicki Janssen, Paul Gammel, Kenneth Peterson, David Schmitt, and Scott Maki. [Compl. 4–5, ECF No. 1; *see* Notice of Appearance, ECF No. 21].[1] He alleges that while he was incarcerated at MCF-Rush City, he

---

[1] Both the original Complaint and proposed Amended Complaint appear to be comprised of selected pages of standard form complaints, typed pages, and/or handwritten pages.

1

was assaulted by a group of other inmates and sustained severe injuries, including head and brain injuries, rib fractures, and post-traumatic stress disorder. [Compl. 8–12, ECF No. 1]. Mr. Bakambia asserts that Defendants did not take adequate precautions to protect him from harm and raises two theories of Defendants' liability under 42 U.S.C. § 1983. For Count I, Mr. Bakambia asserts that "Plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment." [Compl. 11, ECF No. 1]. Under the header of this first count, he alleges that "[e]ach of the Defendants demonstrated deliberate indifference to Plaintiff's safety and health." [Compl. 11, ECF No. 1]. For Count II, Mr. Bakambia claims that he "was subjected to unequal protection under the Fourteenth Amendment to the United States Constitution." [Compl. 12, ECF No. 1].

In his proposed Amended Complaint, Mr. Bakambia seeks to add seven additional MCF-Rush City defendants, whom he identifies as Jesse Pugh, Associate Warden of Operations; Clemons, Associate Warden of Administration; E. Rasmusen, Program Director; Gary Peterson, Discipline Lieutenant; Tyler Nelson, Officer; and Tatum, Officer. [Proposed Am. Compl. 2–10, ECF No. 45]. He also proposes adding, altering, and supplementing several factual allegations. [*See*, Proposed Am. Compl. 11–15, ECF No. 45]. Finally, Mr. Bakambia proposes amending the claim under Count I to read: Defendants "demonstrated deliberate indifference to Plaintiff's safety, health, and severe medical needs by refusing to provide Plaintiff adequate medical care by a specialist after Plaintiff was subjected to substantial assault." [Proposed Am. Compl. 17, ECF No. 45].

## DISCUSSION

In their memorandum, Defendants explain that they do not oppose in Mr. Bakambia's proposed Amended Complaint insofar as it seeks to add additional defendants or add or amend allegations pertaining to his currently operative claims. [Defs.'s Mem. 1, ECF No. 50]. However, they do oppose the Amended Complaint to the extent it adds a claim for inadequate medical care. Defendants argue that Mr. Bakambia should not be granted leave to add such a claim because (1) it would not survive a motion to dismiss and therefore be futile, and (2) it would be duplicative of a claim currently pending before this

---

Therefore, both documents bear incongruous page numbers. To avoid confusion, this Order's citations to page numbers refer to the page numbers generated by ECF.

Court in a different case brought by Mr. Bakambia. [Defs.'s Mem. 3–7, ECF No. 50 (referencing *Bakambia v. Schnell et al.*, No. 20-cv-1434 (NEB/KMM) (D. Minn. Sept. 1, 2020))]. Mr. Bakambia argues that he should be permitted to amend his Complaint as proposed because Defendants have violated his constitutional rights. For the following reasons, the Court denies Mr. Bakambia's motion to amend the complaint insofar as his proposed amendments add a claim for inadequate medical care, and grants it in all other respects.

I.   **Legal Standard**

After the period during which a party is permitted to amend its pleading as a matter of course lapses, the Federal Rules of Civil Procedure provide that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). "A denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation omitted). Leave to amend to add new claims may be denied where those claims have nothing to do with the original complaint or would be inefficient and possibly confusing—such as where extensive additional discovery and trial preparation would be required. *See Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992).

II.   **Analysis**

The Court finds that Mr. Bakambia should be given leave to amend the Complaint to add the proposed additional defendants. The new defendants were, according to Mr. Bakambia, all staff of MCF-Rush City during the incidences he claims give rise to his failure-to-protect and equal-protection claims. [*See* Proposed Am. Compl. 7–10, ECF No. 45]. Defendants do not oppose the amendment insofar as it adds the new defendants, and the Court grants the motion for leave to that extent. The Court also grants Mr. Bakambia's motion to amend to the extent that it seeks to add or amend allegations pertaining to the failure-to-protect or equal-protection claims in the original Complaint. The Court finds that these amendments are unlikely to cause delay, confusion, or unfair prejudice; and Defendants do not contend otherwise.

However, the Court denies Mr. Bakambia's motion to the extent he seeks to add claims relating to inadequate medical care. The Court need not decide whether, as Defendants argue, such a claim would be futile or duplicative of the claims pending in Case No. 20-cv-1434. Rather, the Court finds that an inadequate-medical-care claim has an insufficient connection to the original Complaint, and that including it in this case at this time would be inefficient and potentially confusing. *Brown*, 957 F.2d at 566.

Establishing a prison official's liability under § 1983 for failure to protect a prisoner from violence at the hands of other prisoners requires, inter alia, a showing that the official subjectively knew, based on the facts of which he was aware, that there was a substantial risk that the plaintiff would suffer the violence. *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002). While establishing § 1983 liability under an inadequate medical care theory requires a similar *type* of showing, the inquiry considers entirely different facts and states of mind. *See Roberts v. Kopel*, 917 F.3d 1039, 1041 (8th Cir. 2019) (stating that to prevail on a claim of deliberate indifference to serious medical needs, a plaintiff must show, inter alia, that the defendants actually knew that he suffered a serious medical need). The facts relevant to the first claim are those that would indicate a risk of violence, while the second claim concerns whether Mr. Bakambia had a serious medical need. Which of those two sets of facts each individual defendant had knowledge of, and the subjective inferences each drew from those facts, would be entirely distinct inquiries for the Court and for the parties in discovery and litigation. *See id.* at 1042–43 (reciting facts relevant to inadequate-medical-care claim); *Blades*, 302 F.3d at 803–04 (defining failure-to-protect claim). Adding Mr. Bakambia's inadequate medical care claim to this case would require a new round of discovery pertaining to matters that the parties have not yet litigated, extension of the scheduling order, and significant delay in resolution of the claims in the original Complaint. Therefore, the Court denies Mr. Bakambia's motion to amend to the extent that he proposes to add a claim for inadequate medical care and add allegations pertaining to such a claim.[2]

Mr. Bakambia's Amended Complaint is already a part of the record in this case. While the Court frequently instructs parties represented by attorneys to re-file a proposed amended

---

[2] Nothing in this Order precludes Mr. Bakambia from bringing his inadequate-medical-care claim in a separate case, if it is not in fact already the subject of Case No. 20-cv-1434. *Brown*, 957 F.2d at 566 (stating, in affirming a denial of a motion to amend, that the plaintiff is not foreclosed from raising the additional claims in a later action).

pleading, the Court will not require Mr. Bakambia to do so here. The Amended Complaint at docket entry 45 will be treated as the operative pleading in this case. Defendants shall file and serve responsive pleadings to the Amended Complaint within 14 days of the date of this Order. Defendants' answer may properly reference this Order in responding to any proposed allegations that the Court has deemed to be inappropriate for amendment.

## ORDER

Accordingly, **IT IS HEREBY ORDERED THAT** Mr. Bakambia's motion to amend the Complaint is **GRANTED IN PART and DENIED IN PART** as stated herein. Subject to the terms of this Order, including the denial of leave to amend to add a claim for inadequate medical care, the Amended Complaint at docket entry 45 is deemed the operative pleading in this case. Defendants shall file responsive pleadings within **14 days** of the date of this Order.

Date: May 17, 2021

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge
