UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marc Amouri Bakambia, | Case No. 0:20-cv-1433 (PAM/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell et al., | |
| Defendants. | |

This matter is before the Court on several motions and requests filed by Mr. Bakambia. Specifically, Mr. Bakambia has filed three motions to compel, which the Court refers to as his First, Second, and Third Motions to Compel. [ECF Nos. 69, 84, 123]. Mr. Bakambia has also filed a Motion for a "Written Explanation" [ECF No. 84]; a Motion for sanctions against opposing counsel [ECF No. 100]; and a motion for reconsideration of his prior motion to appoint counsel [ECF No. 132]. Finally, Mr. Bakambia has raised a number of requests in several letters to the Court.

In considering these motions, it is essential to keep in mind the essence of Mr. Bakambia's claims as set forth in the Amended Complaint and as construed by the Court. [Am. Compl., ECF No. 45; Order, ECF No. 115]. In brief, Mr. Bakambia alleges that he was injured during a fight on May 20, 2019, and again on May 21, 2019, sustaining several injuries, including a traumatic brain injury, fractured bones, and post-traumatic stress disorder. He alleges that Defendants failed to protect him and subjected him to cruel and unusual punishment by, in part, placing his attackers in units that were in close proximity to his own. [ECF No. 45 at 11–12]. He also alleges that he was discriminated against on the basis of his custodial status, because his attackers had shorter remaining sentences than his own. [ECF No. 45 at 18]. Finally, he alleges that he was discriminated against on the basis of his national origin. [ECF No. 45 at 18].

1

Initially, the Court notes that while the issues Mr. Bakambia presents are quite broad in scope, some of the motions at issue here are substantially similar to motions on which the Court has already ruled in Mr. Bakambia's related case. *E.g.*, *Bakambia v. Schnell*, No. 20-cv-1434 (NEB/KMM), ECF Nos. 146, 160, 176, 198 (D. Minn.). Therefore, where the issues here are identical or substantially similar to those addressed in the related case, the Court will not restate the reasons for its holdings in full.

I.  **First Motion to Compel [ECF No. 69]**

Mr. Bakambia first seeks an order compelling responses to many of his discovery requests "pursuant to LR 37.1 and Fed. R. Civ. P. 37." He argues that the Defendants' responses to his requests for production of documents, sent on February 2, 2021, contained "deficiencies, manipulation, game playing, and blocked plaintiff from the discovery." [ECF No. 69 at 1].[1] Mr. Bakambia's motion is granted in part and denied in part as follows:

**Requests to Kenneth Peterson [ECF No. 82]**

In his Request No. 5 to Defendant Kenneth Peterson, Mr. Bakambia sought incident reports concerning an incident between Tyler Wicklund and three other offenders on May 15, 2019. [ECF No. 82 at 1]. He also seeks "cell logs" of the inmates involved in that incident (Request No. 6), incident reports involving offender Vincent Cotton's participation in fights that took place in May and April of 2019 (Request No. 8), and incident reports concerning another fight which took place in July of 2019 (Request No. 9). In all of these requests, Mr. Bakambia appears to be seeking "comparator evidence" for his discrimination claim, in which he alleges he was attacked and not protected because of his custodial status and because of his national origin. Mr.

---

[1] Mr. Bakambia also requested a "14-day extension to supplement this motion." He mailed his supplemental memorandum on April 16, 2021—14 days after his motion was filed. [ECF No. 97]. The Court hereby grants that extension and will consider the matters Mr. Bakambia raised in his supplemental memorandum.

Peterson objected on the grounds that the data sought is classified as "private" under the Minnesota Government Data Practices Act.

The Court disagrees with the Defendants' reliance on the MGDPA. "The relevant question is whether the requesting party is entitled to the information sought under the Federal Rules of Civil Procedure, not under the MGDPA." *Scheffler v. Molin*, No. 11-cv-3279 (JNE/JJK), 2012 WL 3292894, at *4 (D. Minn. Aug. 10, 2012). Indeed, "[i]t is well-settled in this District—and a governmental entity like the City of Minneapolis should be well aware—that the Minnesota Government Data Practices Act yields to civil discovery as governed by the Federal Rules of Civil Procedure." *Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 763 (D. Minn. 2018). Aside from the MGDPA, however, the Court denies Mr. Bakambia's motion for another reason.

Mr. Bakambia has not demonstrated that the individuals for whom he seeks the information are sufficiently similarly situated for this information to be relevant. He provides inadequate information to suggest that the fights at issue were similar to his, that the prison's response was different, or that the parties are even different in national origin from himself. *See United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004) (upholding the district court's denial of a motion to compel evidence in a selective-prosecution case because the movant failed to "produce at least some credible showing of differential treatment of similarly situated members of other races or protected classes"). Accordingly, his motion to compel as to Request Nos. 5, 6, 8, and 9 to Mr. Peterson is **DENIED**. *See also Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 637 (8th Cir. 2000) (upholding denial of motion to compel comparator evidence in part because of movant's attempt to expand the scope of her complaint "with burdensome and irrelevant discovery requests"); *Rowles v. Curators of University of Missouri*, 983 F.3d 345, 353–54 (8th Cir. 2020) (district court did not abuse its discretion in denying motion to compel comparator evidence given plaintiff's "kitchen sink approach" to the discovery process).

In his first[2] Request No. 11 to Mr. Peterson, Mr. Bakambia sought disciplinary records for each of the five inmates he claims assaulted him between January 1, 2018 and May 22, 2019. [ECF No. 82 at 4]. Mr. Peterson objected as overbroad, unduly burdensome, irrelevant, and precluded by the MGDPA. The Court disagrees. The relevance of these records to a failure-to-protect claim should be obvious. This request is for a narrow category of records (disciplinary) for five individuals over the course of less than one and one-half years, and therefore is not unduly burdensome. Mr. Bakambia's motion to compel as to this request is **GRANTED**.

In his second Request No. 11, Mr. Bakambia seeks his own disciplinary records for the duration of his incarceration. For the same reasons as those mentioned above, Mr. Bakambia's motion to compel as to this request is **GRANTED**.

**Requests to Scott Maki [ECF No. 81]**

In his Request No. 2 to Defendant Scott Maki, Mr. Bakambia sought disclosure of "logs that show which unit Defendant Scott Maki worked on" on May 20 and 21, 2019, and July 7 through 9, 2019. [ECF No. 81 at 1]. Mr. Maki objected on the grounds that the request is vague, ambiguous, and irrelevant as to the July dates. Mr. Maki also stated that no such logs exist. The Court finds that the request is neither vague nor ambiguous, but agrees that documents pertaining to the July dates are insufficiently relevant to this case. Accordingly, to the extent that any documents containing the information Mr. Bakambia seeks exist, his motion is **GRANTED** as to the May 20 and 21, 2019, request; and **DENIED** as to the remainder of this request. If indeed no documents exist that show where Mr. Maki worked on the dates at issue, they need not be generated by the Defendants.

In his Request No. 3 to Mr. Maki, Mr. Bakambia sought records "of the officer in charge who worked at MCF-RC 1W" between May 14, 2019, and May 20, 2019. Mr.

---

[2] Mr. Bakambia's request for production of documents to Mr. Peterson mistakenly lists "Request No. 11" twice. [ECF No. 82 at 4–5].

Maki objected on the grounds that the request was vague, ambiguous, and irrelevant as to dates other than May 20, 2019. [ECF No. 74-1 at 4]. He also objected because "there are no records that set forth *solely* who the officer in charge or watch commander are on a certain date and thus there is nothing to compel." [ECF No. 90 at 15 (emphasis added)]. Mr. Maki then described who the officers in charge were for May 20, 2019. The Court finds that this request is neither vague nor ambiguous and that the information Mr. Bakambia seeks is relevant as to May 20, 2019, but not as to the other dates. Moreover, the fact that a document might contain information superfluous to that which was requested is not a proper basis for objecting to a document request. Mr. Bakambia's motion to compel is **GRANTED** as to the documents he seeks for May 20, 2019; and **DENIED** as to the remainder.

**Requests to Vicki Janssen [ECF No. 80]**

In his Request Nos. 2, 3, and 5 to Defendant Vicki Janssen, Mr. Bakambia sought a "record of Plaintiff cell log" for various cells, and "record of offender #218832 Wuori, Corey's cell 201 logs" for several specific days. Ms. Janssen objected on the grounds that these requests were vague and ambiguous, and that it is not clear what Mr. Bakambia is seeking with these requests. The Court agrees that these requests are ambiguous and therefore **DENIES** Mr. Bakambia's motion to compel this discovery.

In his Request No. 4 to Ms. Janssen, Mr. Bakambia requests "cell log records of the entire segregation of upper A-Wing; Lower A-Wing; Upper B-Wing, and Lower B-Wing" for the dates of May 20 and 21, 2019. The Court finds that this request is of minimal relevance and significantly overbroad. Mr. Bakambia's motion to compel is **DENIED** as to this request.

In his Request No. 7 to Ms. Janssen, Mr. Bakambia sought records "of all mental health clinical reports" from January 1, 2019, to July 7, 2019, as well as unredacted copies of all assessments and all audio and video recordings of the same. Ms. Janssen objected on the ground that these records are irrelevant to his failure-to-protect and equal-protection claims. The Court agrees. While Mr. Bakambia did file a motion to add

5

a claim relating to his medical care, the Court denied that motion to the extent that he sought to add such a claim to this case. [ECF No. 115]. Therefore, these records are irrelevant to any claim, and Mr. Bakambia's motion to compel is **DENIED**.

In his Request No. 8 to Ms. Janssen, Mr. Bakambia sought records or reports concerning a complaint he submitted against Officer Tatum for a comment Officer Tatum allegedly made to one of his attackers on July 8, 2019. [ECF No. 70 at 4]. He also seeks audio and video recordings of the alleged remark. Ms. Janssen objected to this request as irrelevant because Officer Tatum was not then a defendant. However, the Court has since granted Mr. Bakambia leave to amend his Complaint to add Officer Tatum as a defendant in this action. [ECF No. 115]. Accordingly, Mr. Bakambia's motion to compel is **GRANTED** as to this request, and Defendants shall produce the requested documents to the extent that they exist.

**Requests to Paul Gammel [ECF No. 79]**

In his Request No. 1 to Defendant Paul Gammel, Mr. Bakambia sought an incident report written by Mr. Gammel concerning the assault that occurred on May 20, 2019, as well as "the incident reports of each individual staff" who was involved in or witnessed that incident. [ECF No. 72-1 at 3]. Mr. Gammel asserts that he did not write an incident report on May 20, 2019, and that Defendants have already disclosed 11 incident reports written by others on that day. [ECF No. 90 at 12]. Mr. Bakambia responds that Mr. Gammel "lied about not being involved on 5/20/19" and asks the Court to order Mr. Gammel to file a written explanation as to why he did not write an incident report. [ECF No. 105 at 7–8]. Mr. Bakambia's request is **DENIED**, as is his motion to compel as to this request. The Court will not require Mr. Gammel to generate a report for this litigation and accepts the Defendants' averment that no such report currently exists.

In his Request No. 3 to Mr. Gammel, Mr. Bakambia sought "discipline reports for staff in charge of allowing Plaintiff the same recreation time" on May 21, 2019, as one of the inmates who had allegedly recently assaulted him. [ECF No. 72-1 at 3]. Mr. Gammel

6

objected to this request as vague and ambiguous, overly broad, unduly burdensome, irrelevant, and precluded by the MGDPA. The Court disagrees. It is sufficiently clear that Mr. Bakambia is not seeking "all discipline records that exist for staff," but those records of disciplinary events which relate to the scheduling of his recreation time on May 21, 2019. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (quotation omitted)). Mr. Bakambia's motion to compel is **GRANTED** as to this request, and to the extent that any such documents exist, Defendants must disclose them.

### Requests to David Schmitt [ECF No. 78]

In his Request No. 2 to Defendant David Schmitt, Mr. Bakambia sought "the record of his logs that showed which units he worked on" on May 20 and 21, 2019. [ECF No. 75-1 at 3]. Mr. Schmitt objected as vague and ambiguous and asserted that no such log exists, but offered that he did not work on May 20, 2019, and worked in Unit 1E on May 21, 2019. Mr. Bakambia argues that "there is a permanent log that must be maintained within the unit." [ECF No. 78 at 1]. The Court finds that this request is sufficiently clear and relevant to this litigation, and therefore **GRANTS** Mr. Bakambia's motion to compel as to this request. To the extent that Defendants maintain records documenting "which units [Mr. Schmitt] worked on" on May 20 and 21, 2019, regardless of whether those records also contain other information, they shall produce them to Mr. Bakambia. However, if such documents do not exist, they need not be generated.

In his Request No. 3 to Mr. Schmitt, Mr. Bakambia sought a "record of report dated 7/7/19 3rd shift, Defendant David Schmitt wrote for involving an inmate from upper B-wing to lower B-wing cell 125." [ECF No. 75-1 at 3]. Mr. Schmitt objected as vague and ambiguous because "it is unclear what plaintiff means by 'record of report.'" The Court has already determined, in the section of this Order pertaining to Mr. Bakambia's Request No. 9 to Mr. Peterson, that reports of the incident to which Mr.

7

Bakambia refers here are insufficiently relevant to compel. Accordingly, the motion to compel is **DENIED** as to this request.

In his Request No. 4 to Mr. Schmitt, Mr. Bakambia sought "record of report dated 7/10/19 3rd shift Defendant David Schmitt wrote for reasons involving this inmate from cell 125 B-wing to lower A-wing." [ECF No. 75-1 at 4]. Mr. Schmitt objected on the same grounds as Request No. 3. Mr. Bakambia simply directs the Court to an exhibit containing a prison policy for maintaining records and does not explain how the incidence(s) of July 10, 2019, or the reports thereof, are relevant to this case. Accordingly, his motion to compel is **DENIED** as to this request.

## II.     Second Motion to Compel [ECF No. 84]

In his Second Motion to Compel, Mr. Bakambia argues that Defendants' initial disclosures were deficient because they were untimely and lacked necessary information. He also argues that Defendants manipulated the mailing date on their disclosures.[3] He seeks an order requiring the Defendants to file a letter explaining their alleged manipulation of the postage and alleged failure to comply with the scheduling order. Finally, Mr. Bakambia seeks clarification of the number of discovery requests that may be served, because Defendants informed him that they would not respond to further requests due to him exceeding the number allowed.[4]

---

[3] Mr. Bakambia also dedicates a substantial portion of his briefs for this motion to raise issues concerning defense counsel allegedly making himself unavailable to meet and confer on these discovery disputes. However, he requests no relief on this basis.

[4] In a "Supplemental Memorandum" to this motion, Mr. Bakambia also asserts that Defendants "violated Rule 5(b), (d) and LR 5.1 and 5.4" by serving him copies of certain documents which did not have "court pagination" on them—referring to the documents not being first filed on ECF and then copied and served. [ECF No. 102]. This assertion is also the basis for his April 22, 2021, Motion for Sanctions, as well as other requests for relief throughout several of the motions and filings addressed in this Order. [ECF No. 100]. He seeks an order requiring Defendants to produce, among other things, surveillance footage of the mailing location and a written

(*footnote continued on next page*)

Mr. Bakambia offers no evidence that the postage dates on any documents sent to him were manipulated—only his speculation based on when the documents were postmarked and when he actually received them. The Court will not find that Defendants backdated any postage absent a more substantial showing. The Court also finds that Defendants' pre-discovery disclosures were not untimely. Under Federal Rule of Civil Procedure 5(b)(2)(C), a paper is served "by . . . mailing it to the person's last known address—in which event service is complete upon mailing." The Scheduling Order imposed a deadline of March 22, 2021, and Mr. Bakambia acknowledges that that is the date the disclosures were postmarked.

As for the completeness of Defendants' pretrial disclosures, Mr. Bakambia does not identify what information he believes to be missing, and he appears to confuse initial disclosures under Rule 26(a) and discovery requests under Rules 33, 34, and 36. [*See* ECF No. 91-1; ECF No. 102 at 7]. Defendants disclosed 21 individuals upon whom they may rely for information; described two categories and locations of documents upon which they may rely, some of which had already been produced; confirmed that they are not seeking damages; and confirmed that there are no insurance agreements under which an insurance business may be liable for any damages. [Ex. A, ECF No. 86-1]. The Court finds that these initial disclosures are not incomplete. Accordingly, Mr. Bakambia's Second Motion to Compel is **DENIED**.

Finally, as to the number of discovery requests, the Scheduling Order states that "[n]o more than a *total* of 25 interrogatories . . . shall be served *by* each side." [ECF No. 65 at 1]. It states the same for document requests and requests for admissions. Mr.

---

explanation. [ECF No. 102]. However, he raised the same argument multiple times in his related case, seeking sanctions and other relief. *Bakambia v. Schnell*, No. 20-cv-1434 (NEB/KMM), ECF No. 198 (D. Minn. Apr. 22, 2021). There, the Court rejected this argument as unsupported by law. *Bakambia v. Schnell*, No. 20-cv-1434 (NEB/KMM), ECF No. 231 (D. Minn. May 25, 2021). Here too, all types of relief Mr. Bakambia requests on the basis of this argument, including his motion at Docket No. 100, are hereby **DENIED**.

Bakambia is one "side" of this litigation, so he may only serve 25 of each discovery request type total—not 25 on each individual Defendant. Accordingly, Defendants need not respond to any requests past the 25th of each type, except as otherwise ordered herein.

### III.     Third Motion to Compel [ECF No. 123]

In his Third Motion to Compel, Mr. Bakambia seeks an order compelling responses to his interrogatories and requests for admission, or in the alternative, a jury instruction that inferences may be drawn against the Defendants as to the information requested. Mr. Bakambia sent his interrogatories and requests for admission on July 6, 2021. [ECF No. 126-1]. By letter, Defendants informed Mr. Bakambia that they objected to these requests as untimely and would not be responding. Defendants argue that the requests were not served far enough in advance of the discovery deadline, and therefore were untimely under Local Rule 16.2(d)(3). [ECF No. 129].

The scheduling order set the discovery deadline for August 2, 2021. [ECF No. 65]. Parties have 30 days to respond to discovery requests. Fed. R. Civ. P. 33(b)(2), 36(a)(3). Rule 6 provides that "3 days are added after the period would otherwise expire" where the period is initiated by service by mail. Fed. R. Civ. P. 6(d). Rule 6 also requires omitting from the calculation "the day of the event that triggers the period" but including "the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(A), (C). Mr. Bakambia's requests are postmarked on July 6, 2021; 33 days thereafter is Sunday, August 8, 2021, which made Defendant's responses due on Monday, August 9, 2021—7 days after the discovery deadline. Mr. Bakambia responds by stating that "staff do not pick up mail on Fridays, Plaintiff could not serve on Saturday nor Sunday, and Monday July 5, 2021, was a holiday." [ECF No. 124].

It is well established that filings by pro se parties are to be construed liberally. *Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009). While this does not exempt pro se

10

litigants from needing to comply with deadlines, the Court construes Mr. Bakambia's motion as a request to extend the discovery deadline in the Scheduling Order. To be granted an extension of the Scheduling Order, Mr. Bakambia must show good cause, and "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). If good cause has been shown, the Court must consider whether an extension would prejudice the opposing party. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

The Court finds that Mr. Bakambia has demonstrated good cause for a short extension. He missed the initial deadline by a narrow margin, which was due in part to factors that were entirely outside of his control, and he has been diligent in meeting deadlines with his many other filings in this case. Moreover, a short extension will not prejudice the Defendants with more than the obligation they would have had had Mr. Bakambia managed to send his requests a few days earlier. Accordingly, the Court grants a 7-day extension of the fact discovery deadline in the scheduling order, and therefore finds that Mr. Bakambia's requests were not untimely.

However, the Court has carefully reviewed the interrogatories and requests for admission Mr. Bakambia has included with his Third Motion to Compel, and finds that only the following requests are not irrelevant, ambiguous, duplicative of other requests, or otherwise improper:

- Interrogatory No. 2 (ECF No. 126-1 at 3),
- Interrogatory Nos. 14–15 (ECF No. 126-1 at 6),
- Request for Admission Nos. 1–3 (ECF No. 126-1 at 8),
- Request for Admission Nos. 5–9 (ECF No. 126-1 at 9–10),
- Request for Admission Nos. 11–12 (ECF No. 126-1 at 10),
- Request for Admission No. 14 (ECF No. 126-1 at 10),

- Request for Admission Nos. 16–23 (ECF No. 126-1 at 11–12), and

- Request for Admission No. 25 (ECF No. 126-1 at 13).

Accordingly, Mr. Bakambia's Third Motion to Compel is **GRANTED** as to these requests. The Court sets forth a timeframe below for submission of responses from the Defendants.

### IV. Motion for Reconsideration [ECF No. 132]

Mr. Bakambia also asks the Court to reconsider its prior order denying the appointment of counsel in this case. He argues that he is unable to afford counsel, that the issues in this case are complex, that his access to the law library are limited, and that his case has merit. However, "[e]xcept with the Court's prior permission, a party must not file a motion to reconsider." Local Rule 7.1(j). Moreover, the purpose of a motion to reconsider is to "correct manifest errors of law or to present newly discovered evidence." *Hagerman v. Youkon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Mr. Bakambia has not sought permission to file a motion to reconsider, nor has he identified any errors of law or presented any new evidence that would affect the Court's prior ruling. Accordingly, the Motion for Reconsideration is **DENIED**.

### V. Issues Regarding Mailed Exhibit [ECF Nos. 106, 116]

Finally, Mr. Bakambia raises several concerns surrounding a CD that was sent to the Court in April 2021. The CD appears to contain surveillance camera footage. Mr. Bakambia states that the CD was produced by Defendants during discovery, and that he thereafter had it sent to the Court. [ECF No. 106 at 1]. Mr. Bakambia first asks the Court to confirm that the CD was received. The Court did receive the disc and it has been filed conventionally in the Clerk's Office.

Mr. Bakambia then notes that he had difficulties reviewing the footage in the law library before he sent it, and that he requested to review it again "directly from the court via zoom." [ECF No. 106 at 2]. He then asked the Court to "send a copy of the CD-

video to Defendants' lawyer." [ECF No. 116]. Finally, he raised a concern regarding the contents of the videos on the CD, asserting that Defendants improperly omitted certain footage, and asks the Court "to arrange for [him] to review these videos directly from the Court for authentication." [ECF No. 116].

To the extent that Mr. Bakambia seeks to review the files on the CD via Court processes, that request is denied. To the extent Mr. Bakambia seeks an order compelling disclosure of other footage, that request is also denied. If Mr. Bakambia wishes to have the CD returned to him, he should clarify that in a new letter to the Court.

## VI.     Scheduling

Discovery has closed in this case, and no additional discovery will be allowed beyond that discussed in this Order, absent further order of the Court. However, because this Order requires the Defendants to provide additional information to Mr. Bakambia, the Court issues the following schedule to govern the final stage of this litigation:

1. The Defendants shall provide discovery responses to Mr. Bakambia as required by this Order **on or before November 30, 2021**.

2. The deadline for the filing of dispositive motions is extended to **December 21, 2021**.

**IT IS SO ORDERED**.

Date: October 22, 2021

    *s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge